# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| GERALD HODGES<br>321 Market Street<br>Trenton, NJ 08611 | : <br> : <br> : <br> : <br> : |  |
| vs. | : <br> : |  |
| NATIONAL RAILROAD PASSENGER<br>CORPORATION (AMTRAK)<br>60 Massachusetts Avenue, NE<br>Washington, DC 20002 | : <br> : <br> : <br> : | JURY TRIAL DEMANDED |

## COMPLAINT

1.      The Plaintiff herein, Gerald Hodges, is a citizen of the State of New Jersey, residing at 321 Market Street, Trenton, NJ 08611.

2.      Defendant, National Railroad Passenger Corporation (hereinafter referred to as "Amtrak"), is a corporation duly organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania, with its principle place of business and address for service of process is 60 Massachusetts Avenue NE, Washington DC 20002.

3.      This suit is brought pursuant to Acts of Congress known as the Federal Employers' Liability Act, Title 45 U.S.C. Secs. 51-60.

4.      The defendant, Amtrak, was engaged in interstate commerce as a common carrier by railroad operating a line and system of railroads in the State of New Jersey, and other states of the United Stated.

5.      The acts of omission and commission causing injuries to the Plaintiff were done by the defendants, their agents, servants, workmen and/or employees acting in the course and scope of their employment with and under the direct and exclusive control of the defendant.

6.      The plaintiff was employed by defendant railroads and was acting in the scope of

his employment by the defendants and was engaged in the furtherance of interstate commerce within the meaning of said Act.

7. All the property, equipment and operations involved in Plaintiff's injury were owned and/or under the direct and exclusive control of the defendants, their agents, servants, workmen and/or employees.

8. During Plaintiff's entire working career of almost forty years with Amtrak, while working within the scope of his employment throughout New Jersey, Plaintiff was injured due to unsafe and inadequate working conditions.

9. Plaintiff was required to awkwardly carry, lift, and pull heavy equipment, machinery, and tools with insufficient support; was subjected to continuous overhead work; was required to perform tasks and maneuver in awkward manner/positions; walk and work on unstable surfaces that were constantly shifting and twisting his back; and was subjected to repetitive motions which caused stress and trauma.

10. This injury was caused in whole or in part by the negligence, carelessness and recklessness of the defendant and its agents, servants, workmen and/or employees, acting within the scope of their employment, which consisted of the following:

   a) in failing to provide the plaintiff with a safe place to work as required by the Federal Employers' Liability Act, Title 45 U.S.C. Secs. 51-60.

   b) in failing to comply with the safety rules and regulations of the defendant;

   c) in failing to comply with the operating rules and regulations of the defendant;

   d) negligence of the defendant's agents, servants, workmen and/or employees;

   e) in failing to comply with the applicable government regulations;

    f) in failing to take any effective action to reduce, modify or eliminate certain job duties, equipment and repetitive trauma to which plaintiff would be exposed;

    g) in failing to periodically test employees such as the plaintiff for physical effects of repetitive trauma, and failing to take appropriate action, including advising the plaintiff as to the test results;

    h) in failing to warn the plaintiff of the risk of repetitive trauma injuries as a result of the exposure to repetitive occupational trauma;

    i) in providing the plaintiff, and those working around him, with equipment which the defendant knew or should have known caused repetitive trauma injuries as a result of exposure to repetitive occupational trauma;

    j) in failing to make reasonable efforts to inspect or monitor the levels/amounts of repetitive trauma produced by the work duties/tasks which the plaintiff was required to perform for defendant; and,

    k) in failing to provide the plaintiff with protective equipment designed to protect him from repetitive trauma injuries as a result of exposure to repetitive occupational trauma.

  11. As a direct result of the defendants' negligence, through their agents, servants, workmen and/or employees, the Plaintiff suffered aggravation of existing conditions and cumulative micro traumas disorders/repetitive stress injuries as follows: neck, hip, and back including spinal stenosis, lumbar stenosis, inguinal hernia, severe lower extremity radicular pain, and other injuries to his body.

  12. As a direct result of the defendants' negligence, through their agents, servants, workmen and/or employees, the Plaintiff has been unable to attend to his usual duties and

occupations, all of which caused substantial financial loss and all of which may and probably will continue in the future.

13. As a direct result of the defendants' negligence, through their agents, servants, workmen and/or employees, the Plaintiff has been and may continue to be required to receive and undergo medical treatment and medical care, including surgery, and has incurred reasonable and necessary medical expenses, all of which may and probably will continue in the future.

14. As a direct result of the defendants' negligence, through their agents, servants, workmen and/or employees, the Plaintiff has sustained pain, suffering, inconvenience, stress and a loss of enjoyment of life and may continue to suffer same for an indefinite period of time in the future.

**WHEREFORE**, the plaintiff, Gerald Hodges, claims of the defendant, a sum in excess of **ONE HUNDRED FIFTY THOUSAND DOLLARS ($150,000.00)** together with interest and costs and brings this action to recover same.

**KELLER & GOGGIN, P.C.**

By: /s/ *James M. Duckworth*
James M. Duckworth, Esquire
Attorney I.D. No. 033861998
1528 Walnut Street
Suite 900
Philadelphia, PA  19102
(215) 735-8780
Attorneys for Plaintiff

## VERIFICATION

I, _Gerald Hodges_, have read the foregoing. The statements herein are correct to the best of my personal knowledge, information and/or belief. This statement and verification is made subject to the penalties or 18 Pa. C.S.A.Sec. 4904 relating to unsworn falsifications to authorities, which provide that if I knowingly make false averments, I may be subject to criminal penalties.

_Gerald Hodges_